UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **JENNIFER PETROSINO,**<br><br>                    Plaintiff,<br><br>-vs-<br><br>**NCO FINANCIAL SYSTEMS, INC.,**<br><br>                    Defendant. | *Civil Action No.* _____ |

## COMPLAINT & DEMAND FOR JURY TRIAL

### INTRODUCTION

1. Plaintiff Petrosino brings this action for actual and statutory damages resulting from the Defendant's various violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), a law that prohibits debt collectors from using abusive, deceptive, and unfair practices in an attempt to collect a debt and New York's General Business Law §349, for Defendant's deceptive business acts and practices.

### JURISDICTION & VENUE

2. This honorable Court possesses jurisdiction over this matter pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. § 1337.

3. Plaintiff's claims under New York General Business Law §349 are predicated upon the same facts and circumstances giving rise to her federal cause of action. As such, this Court possesses supplemental jurisdiction over these claims, pursuant to 28 U.S.C. §1367.

4. Additionally, venue in this district arises pursuant to 28 U.S.C. §1391(b) since the Defendant transacts business here and the conduct complained of occurred here.

### PARTIES

5. Plaintiff Jennifer Petrosino is a natural person residing in the County of Ontario, State of New York, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

6. Defendant NCO Financial Systems, Inc., (hereinafter "NCO") is a foreign business corporation organized and existing under the laws of the State of Pennsylvania and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

7. Any and all acts of the Defendant hereinafter alleged were performed by Defendant's employees, while under the scope of the Defendant's actual or apparent authority.

8. Any and all references to "Defendant" herein shall include the Defendant and/or an employee of the Defendant.

### FACTUAL ALLEGATIONS

9. That Plaintiff Jennifer Petrosino allegedly incurred and later allegedly defaulted on a debt to Capital One. Said debt will hereinafter be referred to as "the subject debt."

10. The subject debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5), as it allegedly arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

11. That upon information and belief, Defendant NCO was employed by Capital One following Plaintiff's alleged default, in order to collect payment on the subject debt.

12. That Defendant NCO shortly thereafter began repeatedly and continuously calling Plaintiff's 90-year old grandmother, Mrs. Mary Petrosino, despite the fact that she did not have any legal responsibility for payment of the debt.

13. That said messages repeatedly disclosed to Plaintiff's grandmother the fact that Defendant was a debt collection agency and that they were attempting to collect a debt from Plaintiff Petrosino.

14. That on more than one occasion, Defendant NCO was informed that Mary Petrosino did not reside with Plaintiff Petrosino and that she did not wish to be called anymore. Despite said requests, Defendant NCO continued to place these disruptive calls to Plaintiff's grandmother's home.

15. That during one such call to Mary Petrosino's house, Plaintiff happened to be present and was handed the phone by her grandmother. During said telephone conversation, Plaintiff Petrosino informed Defendant that her grandmother's telephone number should be removed from its system and replaced with Plaintiff's cellular telephone number. Defendant refused to do so, proclaiming that "the [Defendant's] computer" wouldn't allow her to do so because it was a cellular telephone number.

16. That despite Defendant's aforementioned representation, they were fully capable of deleting Mary Petrosino's telephone number from their collections systems, and they were otherwise fully capable of storing Plaintiff's cellular telephone number.

17. That in fact, Defendant NCO soon thereafter began placing repeated and continuous telephone calls to Plaintiff Petrosino's cellular telephone, while continuing to place the aforementioned telephone calls to Plaintiff's grandmother's home.

18. That in or about March of 2009, following receipt of yet another telephone call to her grandmother, Plaintiff Petrosino called and spoke with a representative for Defendant NCO. During said telephone conversation, Plaintiff informed Defendant that her grandmother suffered from an illness which was exacerbated by the constant telephone calls and that Defendant had persisted to call her grandmother despite repeated requests that they stop.

19. That Defendant simply ignored Plaintiff Petrosino's aforementioned statements and thereafter began repeatedly demanding payment of the alleged subject debt. Defendant also thereafter began insulting Plaintiff, making statements such as, "You filed bankruptcy and ran up more credit cards?!"

20. That Plaintiff proceeded to inform Defendant NCO that she could not afford to make any payments on the alleged debt and that she suffered from severe anxiety. However, Defendant simply replied, "So, Capital One has to suffer?" Defendant then proceeded to add, "I am going to mark this as a refusal to pay. I know a lot of people who suffer from anxiety and they can hold jobs." After several other unpleasant exchanges, the telephone conversation was ended.

21. That as a result of Defendant NCO's abusive treatment of her grandmother and their otherwise insulting and abusive treatment of her, Plaintiff Petrosino became anxious, upset, angered, disturbed and otherwise suffered from emotional distress.

## FIRST CAUSE OF ACTION
### [Fair Debt Collection Practices Act]

22. The aforementioned acts and omissions of the Defendant have violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

23. Defendant violated 15 U.S.C. §1692b(1), 15 U.S.C. §1692b(2), 15 U.S.C. §1692b(3), and 15 U.S.C. §1692c(b) by repeatedly communicating details regarding Plaintiff Petrosino's alleged debt to her grandmother.

24. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(2) by using language the natural consequence of which was to abuse Plaintiff by making the statements such as the following:
    a. "You filed bankruptcy and ran up more credit cards?!"
    b. "So, Capital One has to suffer?", and

    c. "I am going to mark this as a refusal to pay. I know a lot of people who suffer from anxiety and they can hold jobs."

25. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692f by using abusive and unfair means to attempt to collect the subject debt, by repeatedly calling Plaintiff's ailing grandmother, despite the fact that Defendant NCO was notified that such calls were unwarranted and upsetting to her.

26. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by repeatedly and continuously causing Plaintiff Petrosino's telephone to ring with the intent to annoy, abuse and/or harass.

27. Defendant violated 15 U.S.C. §1692e and 15 U.S.C. §1692e(10) by using false, misleading and/or deceptive acts and practices in an attempt to collect the subject debt, by falsely informing Plaintiff Petrosino that Defendant could not remove her grandmother's information from their computer and thereafter replace it with Plaintiff's cellular telephone number.

28. Because of the Defendant's various aforementioned violations of the FDCPA, Plaintiff became anxious, upset, offended and otherwise suffered from emotional distress.

## SECOND CAUSE OF ACTION
### [New York General Business Law §349]

29. That the aforementioned acts of the Defendant have violated the General Business Law of the State of New York.

30. New York General Business Law §349 prohibits the use of deceptive acts and/or practices when conducting business.

31. Defendant violated New York General Business Law §349 by misrepresenting that they could not remove Mary Petrosino's telephone number from their system and thereafter replace it with Plaintiff's cellular telephone number.

32. That as a result, Plaintiff Petrosino became aggravated, anxious, worried, distressed and otherwise suffered from emotional distress.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Petrosino respectfully requests that this honorable Court enter judgment against the Defendant NCO for:

    (a)  Actual damages, pursuant to 15 U.S.C. §1692k(a)(1) and N.Y. Gen. Bus. Law §349(h);

(b) Statutory damages, pursuant to 15 U.S.C. §1692k(a)(2)(A);

(c) Costs and disbursements of this action, together with reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) and N.Y. Gen. Bus. Law §349(h);

(d) Trebling of actual damages up to a maximum of $1,000.00, pursuant to N.Y. Gen. Bus. Law §349(h); and

(e) For any and all additional relief as this honorable Court may deem just and proper.

### JURY DEMAND

Please take notice that Plaintiff Jennifer Petrosino demands a trial by jury in this action.

Date: October 7, 2009

/s/Frank J. Borgese
Frank J. Borgese, Esq.
Graham Law, P.C.
*Attorneys for the Plaintiff*
1207 Delaware Ave., Suite 202
Buffalo, New York 14209
fborgese@grahamlawpc.com
716.200.1520